OPINION OF THE COURT
Ernest Bianchi, J.
Defendant’s motion to vacate his sentence pursuant to CPL 440.20 for ineffective assistance of prior counsel is granted.
Defendant’s plea on May 7, 1985 to the D felony of attempted burglary in the second degree was entered with the understanding the court would recommend against his deportation at the time of sentence on May 29, 1985. That recommendation was made, but was disregarded by the United *979 States Immigration and Naturalization Service because of lack of notice pursuant to 8 USC § 1251 (b) to the United States Attorney General of defendant’s request. Deportation proceedings were commenced in view of defendant’s conviction and his noncitizen status. Prior counsel’s failure to give that statutory notice and afford the Attorney General an opportunity to be heard at the time of sentencing deprived the defendant of a fundamental and constitutional right to effective assistance of counsel with regard to the scope of punishment he faced upon entry of his guilty plea. (Janvier v United States, 793 F2d 449 [2d Cir 1986].)
Deportation is a severe punishment, neither envisioned or intended here by the court and counsel for both sides, nor expected by the defendant. The sentence imposed on this defendant under these circumstances is deemed a nullity and defendant must be sentenced ab initio with proper notice to be given to the Attorney General so that opposition to defendant’s request for a recommendation against deportation may be presented to the court for its consideration prior to decision thereon.
The People have not opposed the motion, having previously consented to the court’s making the recommendation against deportation. However, the People insist that, upon sentencing, defendant be given the same sentence as before. This the court will do, with the proviso that upon imposing the sentence, the court will indicate that defendant has already served the indeterminate sentence previously imposed of 1 to 3 years and the sentence will therefore be commuted to time served. All parties are to appear for sentencing on January 15. 1988.